**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND; and AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND, | ) ) ) ) ) | NO. 18-CV-5954 |
| Plaintiff, | ) ) ) | JUDGE: |
| vs. | ) ) | |
| ZEIGLER NORTH RIVERSIDE, LLC d/b/a ZEIGLER FORD OF NORTH RIVERSIDE, a Michigan limited liability company, | ) ) ) ) | MAGISTRATE JUDGE: |
| Defendants. | ) | |

## COMPLAINT

NOW COME the Plaintiffs, the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND and the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND, by and through their attorneys, JOHNSON & KROL, LLC, and complain of the Defendant, ZEIGLER NORTH RIVERSIDE, LLC d/b/a ZEIGLER FORD OF NORTH RIVERSIDE ("ZEIGLER"), as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185(c), 1132(e)(1), and 1145 as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION

FUND ("PENSION FUND"), the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND ("WELFARE FUND") (collectively, the "TRUST FUNDS"), are administered at 361 S. Frontage Road, Suite 100, Burr Ridge, Illinois, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3.   The TRUST FUNDS receive contributions from numerous employers pursuant to the Collective Bargaining Agreements between the employers and the Automobile Mechanics' Local 701, International Association of Machinists and Aerospace Workers, AFL-CIO, of Chicago ("Local 701"), and therefore are multiemployer plans under 29 U.S.C. § 1002.

4.   Defendant ZEIGLER is a Michigan limited liability company with its principal place of business located at 2100 South Harlem Avenue, North Riverside, Illinois.

## COUNT I
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

5.   Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-4 of this Complaint with the same force and effect as if fully set forth herein.

6.   ZEIGLER is an employer engaged in an industry affecting commerce.

7.   On or about June, 25 2018, ZEIGLER purchased the assets related to the Ford dealership operations of McCarthy Ford of North Riverside, Inc. d/b/a The McCarthy Automotive Group d/b/a Lease Termination Group at 2100 South Harlem Avenue, North Riverside, Illinois.

8.   McCarthy Ford of North Riverside, Inc. ("McCarthy") was bound to a Collective Bargaining Agreement between the New Car Dealer Committee ("NCDC") and the

2

Automobile Mechanics' Local Union No. 701 ("Local 701"), effective from September 7, 2017, through July 31, 2021, and for all time relevant to this action (hereinafter referred to as the "Standard Auto Agreement" or "SAA"). (A copy of the SAA is attached as **Exhibit 1**).

9.      Pursuant to Article 1, Section 1 of the SAA, McCarthy recognized Local 701 "as the exclusive bargaining agent for all of its Journeyman Technician, Body Shop Technician, apprentice, lube rack technician, part time express team technician and semi-skilled technician employees" (hereinafter these employees shall be referred to as the "Bargaining Unit Employees").

10.     Pursuant to Article 11, Section 1 of the SAA, McCarthy agreed to make contributions to the WELFARE FUND on behalf of its eligible Bargaining Unit Employees.

11.     Pursuant to Article 11, Section 1(h) of the SAA, McCarthy agreed to sign any Participation Agreement required by the WELFARE FUND which was not inconsistent with the SAA.

12.     Pursuant to Article 12, Section 1 of the SAA, McCarthy agreed to make contributions to the PENSION FUND on behalf of its eligible Bargaining Unit Employees.

13.     Pursuant to Article 12, Section 1(g) of the SAA, McCarthy agreed to sign any Participation Agreement required by the PENSION FUND which was not inconsistent with the SAA.

14.     Pursuant to Article 22 of the CBA, ZEIGLER was required to offer all of McCarthy's Bargaining Unit Employees employment, with credit for all accrued seniority and benefit provisions of the SAA, as of the date it began operating the business.

15.     When ZEIGLER purchased McCarthy's assets, McCarthy's Bargaining Unit Employees constituted a majority of the bargaining unit at ZEIGLER.

16.  Pursuant to Article 22 of the SAA and under relevant labor law, ZEIGLER is required to recognize Local 701 as the bargaining representative of the Bargaining Unit Employees and continue to provide wages, health insurance, pension benefits, and all other terms and conditions of employment provided in the SAA until a new collective bargaining agreement or impasse is reached.

17.  In addition to the language contained in Article 22 of the SAA, the TRUST FUNDS have a long-standing policy of requiring that all employers sign Participation Agreements as a prerequisite to accepting contributions on behalf of the employer's Bargaining Unit Employees.

18.  As of the filing of this Complaint, ZEIGLER has refused to execute a Participation Agreement with either the PENSION FUND or the WELFARE FUND in the form provided by the funds.

19.  ZEIGLER made contributions to both the PENSION FUND and WELFARE FUND for the month of June 2018.

20.  ZEIGLER completed, signed, and submitted the TRUST FUNDS' Combined Employer's Monthly Remittance Report form to make the contributions referenced in paragraph 19 of this Complaint.  (A copy of the June remittance report is attached as **Exhibit 2**).

21.  ZEIGLER made contributions to the WELFARE FUND for the month July 2018.

22.  ZEIGLER completed and submitted the TRUST FUNDS' Combined Employer's Monthly Remittance Report form to make the contributions referenced in paragraph 21 of this Complaint.  (A copy of the July remittance report is attached as **Exhibit 3**).

23.  ZEIGLER made contributions to the WELFARE FUND for the month August 2018.

24. ZEIGLER completed, signed, and submitted the TRUST FUNDS' Combined Employer's Monthly Remittance Report form to make the contributions referenced in paragraph 23 of this Complaint. (A copy of the August remittance report is attached as **Exhibit 4**).

25. The Combined Employer's Monthly Remittance Report form includes the following language next to the signature line:

> The employer acknowledges that he/she is bound to the terms of the current Collective Bargaining Agreement, which may be amended and extended from time to time in area wide bargaining. Employer accepts and agrees to be bound to the terms of the agreement and Declaration of Trusts of the Pension and Welfare Funds including the Standard Participation Agreements and any amendments thereto. Employer warrants this report accurately states all persons working in covered employment under the collective bargaining contract or trust agreement. Contributions due are acknowledged to be Plan assets. The Employer has the obligation to contribute regardless of whether a Contribution Report is received.

26. ZEIGLER made contributions to the Mechanics' Local No. 701 Defined Contribution 401(k) Plan ("401(k) Plan") for the months of June and July 2018.

27. ZEIGLER completed, signed, and submitted the 401(k) Plan's Employer's Monthly Remittance Report form to make the contributions referenced in paragraph 24 of this Complaint. (Copies of the June and July remittance reports are attached as **Exhibit 5** and **Exhibit 6** respectively).

28. The Employer's Monthly Remittance Report form for the 401(k) Plan includes the following language next to the signature line:

> The employer acknowledges that he/she is bound to the terms of the current Collective Bargaining Agreement, which may be amended and extended from time to time in area wide bargaining. Employer accepts and agrees to be bound to the terms of the agreement and Declaration of Trusts of the 401(k) Fund including the Standard Participation Agreements and any amendments thereto. Employer warrants this report accurately states all persons working in covered employment under the collective bargaining contract or trust agreement. Contributions due are acknowledged to be Plan

assets.  The Employer has the obligation to contribute regardless of whether a Contribution Report is received.

29.    By signing the Combined Employer's Monthly Contribution Report for the PENSION FUND and WELFARE FUND, as well as the Employer's Monthly Remittance Report form for the 401(k) Plan, ZEIGLER acknowledged that it is bound to the terms of the SAA.

30.    By signing the Combined Employer's Monthly Contribution Report for the PENSION FUND and WELFARE FUND, ZEIGLER acknowledged and agreed to be bound by the Agreements and Declarations of Trust, which created the PENSION FUND and WELFARE FUND (hereinafter referred to as the "Trust Agreements").  (A copy of the PENSION FUND Trust Agreement is attached as **Exhibit 7**; A copy of the WELFARE FUND Trust Agreement is attached as **Exhibit 8**).

31.    Pursuant to the provisions of the SAA and the Trust Agreements, ZEIGLER is required to make monthly reports of the number of weeks worked by its Bargaining Unit Employees and pay contributions to the TRUST FUNDS for eligible employees pursuant to the SAA at the negotiated rate.  The monthly remittance reports and contributions during all times relevant were due on or before the tenth (10th) day of the calendar month following the calendar month during which the work was performed.

32.    Pursuant to Section 502(g)(2) of ERISA, provisions of the Trust Agreements and the TRUST FUNDS' Collection Policy, employers who fail to submit their monthly remittance reports and contributions to the TRUST FUNDS on or before the tenth (10th) day of each month are responsible for the payment of liquidated damages equal to 10% of the amount unpaid plus interest and any reasonable attorney's fees and costs incurred in the collection process, including court costs and litigation expenses.

33.    ZEIGLER failed to remit payment of the required contributions to the PENSION FUND

for the month of July 2018 in the amount of $10,498.00.

34.    As a result of ZEIGLER's failure to timely remit payment of its PENSION FUND contributions for the month of July 2018, ZEIGLER owes liquidated damages and interest.

35.    ZEIGLER has a continuing obligation to submit monthly remittance reports and remit the required contributions for all subsequent months and, as a result, additional contributions, along with resulting liquidated damages and interest, may come due and owing.

36.    Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing the Plaintiffs from ZEIGLER.

37.    Plaintiffs have complied with all conditions precedent in bringing this suit.

38.    ZEIGLER is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the SAA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A.    That this Honorable Court enter an Order requiring ZEIGLER to remit its monthly contributions to the PENSION FUND for the month of July 2018 in the amount of $10,498.00;

B.    That this Honorable Court enter Judgment in favor of Plaintiffs and against ZEIGLER for unpaid liquidated damages and interest due and owing to the PENSION FUND due to its failure to timely remit payment of its July 2018 contributions;

C.    That this Honorable Court enter Judgment in favor of Plaintiffs and against ZEIGLER for any other amounts discovered to be due and owing to Plaintiffs by ZEIGLER in addition to those identified in paragraphs A and B above;

D.      That ZEIGLER be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, and 29 U.S.C. §1132(g)(2)(D); and

E.      That ZEIGLER be ordered to sign the TRUST FUNDS' Standard Participation Agreements for the remainder of the term of the current SAA.

F.      That Plaintiffs have such other and further relief as the Court may deem just and equitable all at ZEIGLER's cost, pursuant to 29 U.S.C. §1132(g)(2)(D).

Respectfully Submitted,

**AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND** *et al.*

/s/ William M. Blumthal, Jr. - 6281041
One of Plaintiffs' Attorneys

William M. Blumthal, Jr.
**JOHNSON & KROL, LLC**
311 S. Wacker Drive, Suite 1050
Chicago, IL 60606
(312) 757-5477